**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW RUTHERFORD,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>JASON McKISSACK,<br><br>        Defendant,<br><br>  and<br><br>JONATHAN CHIN; CITY OF SEATTLE,<br>a municipal corporation of the State of<br>Washington,<br><br>        Defendants - Appellants. | No. 11-35740<br><br>D.C. No. 2:09-cv-01693-MJP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted November 6, 2012
Seattle, Washington

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:     W. FLETCHER and FISHER, Circuit Judges, and DEARIE, Senior District Judge.[**]

Defendants Officer Jonathan Chin and the City of Seattle appeal following a jury verdict in favor of plaintiff Andrew Rutherford under 42 U.S.C. § 1983. The jury held for Rutherford on his Fourth Amendment claim, finding that Officer Chin exceeded the reasonable scope or duration of a stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The district court denied defendants' renewed motion for judgment as a matter of law and awarded Rutherford one fifth of his requested attorneys' fees under 42 U.S.C. § 1988. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's denial of a renewed motion for judgment as a matter of law. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). We "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005). We "may not make credibility determinations or weigh the evidence," and we "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). We

---

[**]     The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

review an award of attorneys' fees for an abuse of discretion. *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1058 (9th Cir. 2010).

The district court correctly denied defendants' renewed motion for judgment as a matter of law. Officer Chin was not entitled to qualified immunity because the trial testimony viewed in the light most favorable to Rutherford supported a conclusion that Officer Chin violated Rutherford's clearly established Fourth Amendment rights. Rutherford and his friends testified that they committed only minor traffic violations and that they were compliant and non-confrontational at the scene. Viewing this evidence in the light most favorable to Rutherford, there was no reasonable basis for Officer Chin to believe that the three men might be armed or dangerous. Officer Chin's decision to draw his gun on Rutherford was therefore unreasonable under the circumstances. *See Washington v. Lambert*, 98 F.3d 1181, 1192 (9th Cir. 1996). Further, it was clearly established that officers cannot use firearms during a *Terry* stop absent special circumstances that were not present here. *See id.* at 1192–93.

We affirm the award of attorneys' fees. The district court properly weighed the three applicable factors. *See Mahach-Watkins*, 593 F.3d at 1059. It did not abuse its discretion in determining that they justify a fee award. The court also did not abuse its discretion in awarding twenty percent of the requested fee amount

3

after balancing the extent to which Rutherford had prevailed at trial, the level of

overlap in preparing his different claims, and other pertinent factors.

**AFFIRMED.**